Gregory J. Adams (6159)
Quinn A. Sperry (11771)
**McKAY, BURTON & THURMAN**
170 South Main Street, Suite 800
Salt Lake City, Utah 84101
Phone: 801-521-4135
Fax: 801-521-4252
Email: qsperry@mbt-law.com

*Attorneys for Spencer C. Crookston*

**IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **SPENCER C. CROOKSTON**, an individual,<br><br>Plaintiff,<br>v.<br><br>**NCO FINANCIAL SYSTEMS, INC.**,<br><br>Defendant. | **COMPLAINT**<br><br>**Case No. ________________**<br><br>**Judge: ________________**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff Spencer C. Crookston ("Plaintiff" or "Crookston"), an individual consumer, against Defendant NCO Financial Systems, Inc. ("Defendant" or "NCO") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and for invasions of Plaintiff's personal and financial privacy by Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

**JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Crookston is a natural person who resides in the City of Herriman, Salt Lake County, State of Utah, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. NCO is a Pennsylvania corporation engaged in the business of collecting debts in the State of Utah and operates from its principal place of business located in Horsham, Pennsylvania. Upon information and belief, the principal purpose of NCO is the collection of debts due to another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**GENERAL ALLEGATIONS**

6. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7. Sometime prior to April of 2010, Plaintiff incurred a financial obligation, on his Capital One credit card, that was primarily for personal, family or household purposes (the "Debt"). The Debt constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. In or about April of 2010, Plaintiff, in an effort to solve her debt problems, retained the services of The Iniguez Law Firm, P.C. (the "Firm"), to provide assistance in resolving Plaintiff's consumer debts in an effort to avoid bankruptcy.

9. On April 22, 2010, the Firm sent a letter of representation to Defendant. This letter notified Defendant that Plaintiff was represented by counsel, requested verification of the Debt attempting to be collected by Defendant, instructed Defendant to cease communication with Plaintiff from that point forward, and requested that Defendant contact the Firm to discuss any issues related to the alleged Debt. A true and correct copy of the Firm's April 22, 2010 letter is attached hereto as **Exhibit 1**.

10. Between April 22, 2010 and May 10, 2010, Defendant contacted Plaintiff by telephone at least twenty-five (25) times in an attempt to collect the Debt.

11. When Defendant called Plaintiff, Plaintiff's caller ID displayed Defendant's information as "unavailable."

12. Some of the Defendant's phone calls occurred while Plaintiff was at work, which calls impacted Plaintiff's ability to complete his employment responsibilities.

13. During each of Defendant's phone calls made to Plaintiff after April 22, 2010, Plaintiff informed Defendant that he was represented by an attorney. Defendant responded to such information in various ways, including, but not limited to, immediately terminating ("hanging-up") the call with Plaintiff, telling Plaintiff that it did not matter because he owed Defendant money, and using abusive language against Plaintiff.

14. Specifically, one of Defendant's male representatives used obscene, profane, and/or abusive language towards Plaintiff and caused Plaintiff to become upset and angry towards Defendant.

15. The above-described conduct by Defendant constituted harassment of Plaintiff in an effort to collect the Debt, was an invasion of Plaintiff privacy by an intrusion upon seclusion, and resulted in damages to Plaintiff.

16. Defendant's illegal abusive collection communication, as more fully described above, was the direct and proximate caused Plaintiff to suffer emotional distress and unnecessary personal strain.

17. Plaintiff has suffered damages as a result of Defendant's illegal collection communication in the form of, *inter alia*, anxiety, emotional distress, fear, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, and impact on job performance.

18. The acts and omissions of Defendant and the debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant.

19. The acts and omissions by Defendant and the debt collectors employed as agents by Defendant were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of state

and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect the Debt from Plaintiff.

**FIRST CAUSE OF ACTION**
**(Violation of the FDCPA (15 U.S.C. § 1692 *et seq.*))**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The FDCPA requires debt collectors to cease communications with a consumer debtor when the debt collector knows that a consumer is represented by an attorney and can readily ascertain the attorney's name and address.

24. Defendant's repeated telephone calls to Plaintiff after being informed that Plaintiff was represented by an attorney were as made in violation of the FDCPA, including but not limited to 1692c(a)(2).

25. Defendant had knowledge that Plaintiff was represented by the Firm and had the Firm's name and contact information or could readily ascertain the Firm's contact information.

26. Section 1692d of the FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

27. Defendant's repeated communications to Plaintiff, April 22, 2010 letter from the Firm, constitutes harassive, oppressive, and/or abusive conduct in violation of Section 1692d, by Defendant, through its agents, using obsence, profane, and/or abusive language against Plaintiff; causing Plaintiff's telephone to ring and engaging Plaintiff in telephone conversations "repeatedly or

continuously with intent to annoy, abuse, or harass" Plaintiff; and making telephone calls to Plaintiff with meaningful disclosure of Defendant's identity.

28. Defendant's continued communication with Plaintiff, following the April 22, 2010 letter from the Firm, violated the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

29. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to a judgment against Defendant in the amount of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), and/or statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs incurred by Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3).

30. Additionally, Plaintiff is entitled to punitive damages for Defendant's willful violations of the FDCPA.

**SECOND CAUSE OF ACTION**
**(Invasion of Privacy and Seclusion)**

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

33. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, by unlawfully attempting to collect Debt and thereby invaded Plaintiff's privacy.

34. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting the Debt, thereby invading and intruding upon Plaintiff's rights to privacy.

35. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

36. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in intrusions and invasions of Plaintiff's privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

37. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that an order and/or judgment be entered against the Defendant as follows:

A. An order declaring that Defendant violated the FDCPA;

B. A money judgment against Defendant, pursuant to 15 U.S.C. § 1692k(a)(1), for actual damages suffered by Plaintiff due to Defendant's violations of the FDCPA and/or a money judgment against Defendant awarding Plaintiff statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. A money judgment against Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), awarding Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff as a result of Defendant's actions and violations of the FDCPA;

D. An order declaring that Defendant invaded Plaintiff's privacy rights;

E. A money judgment against Defendant for actual damages suffered by Plaintiff due to Defendant's violations of Plaintiff's privacy rights; and

F. For such other relief as may be just and proper.

DATED this 18th day of November, 2010.

**McKAY, BUTON & THURMAN**

Quinn A. Sperry
*Attorneys for Plaintiff*

# EXHIBIT 1

(The Inguez Law Firm's April 22, 2010 Letter to Defendant)

**The Iniguez Law Firm, P.C.**
P.O. Box 4849
Downey, CA 90241

PHONE NUMBER:
(909) 581-7330

MIGUEL INIGUEZ (CA)
COLLEEN A. LIBBEY (AK)
ANTHONY B. BUSH (AL)
MATT HENRY (AR)
EDUARDO J. CELAYA (AZ)
GREGORY M. FITZGERALD (CA)
SHANNON M BRODERICK (CA)
MIRUNA MIHAI (CA)
WILLIAM J CAMPBELL (CA)
JONATHAN A. HAGN (CO)
MARK KRATTER (CT)
BEVERLY J CLARKE (CT)
JOHN J. OBRIEN (DC,PA)
MATTHEW M. CARUCCI (DE)
CARL D. BERRY (FL)
CARLOS AGUILAR (FL)
DERRICK L JOHNSON (GA)
COLIN K. KURATA (HI)
GREGORY MCCONVILLE (IA)
JASON RAVNSBORG (IA,SD)
MARTIN J. MARTELLE (ID)
WEBB T. MOULTON (ID)
CHRIS SHEPHERD (IL)
KATHLEEN L FORD (IL)
JOHN L. STEWART (IN)
AMY HUTCHENS (KS,MO)
JENNIFER F. ZEIGLER (KY)
REE J. CASEY-JONES (LA)
BOOKER T. CARMICHAEL (LA)
BILL CHIGNOLA (MA)
JOCELYN A. THOMSEN (MA,NH)
JOSEPH E. ASHLEY (MD)
J. DANIEL HOFFMAN (ME)
D. KEVIN DAVIS (MI)
BRENDAN R. TUPA (MN,ND)
MATTHEW S. KROHN (MN)
GREG S. KESSLER (MO)
TOMMY DEFER (MS)
HELGE NABER (MT)
KENNETH BULIE (ND)
WANDA HOWEY-FOX (NE,SD)
ELIZABETH B. OLCOTT (NH)
G. RICHARD MALGRAN (NJ)
LARRY LESHIN (NM)
DAVID M. CROSBY (NV)
GLEN A. KURTIS (NY)
CHRISTIAN HARDESTY (OH)
MARTY D. MARTIN (OK)
L. JOHNSTON-PORTER (OR,WA)
RAYMOND GREYCLOUD (OR)
MITCHELL S. MARTIN (OR)
JASON RETTIG (PA)
PAUL G. MANNING (RI)
PETER H. ROSENTHAL (SC)
WILLIAM L. PYATT (SC)
M. SEAN COLLINS (TN)
KIMBERLY SOARD (TX)
GREGORY J. ADAMS (UT)
MICHAEL O. WELLS (VA)
DANIEL M. GRAY (VA)
D. BROOKE STEPHENSON (VA)
THOMAS NIKSA (VT)
ROGER KOHN (VT)
VICKI PIONTECK (WI)
SCOTT W. GAD (WI)
STEPHEN D. GREER (WV)
CHRISTOPHER K. KEATON (WV)
GUY P. CLEVELAND (WY)
HAMPTON M. YOUNG (WY)

April 22, 2010

NCO Financial Systems, Inc.
4740 Baxter Road
Virginia Beach, VA 23462

RE: Our Client(s) : Spencer C. Crookston, Kelli Crookston
Your Account # : 5178057237187773

To Whom It May Concern:

This law firm represents the above referenced consumer. Based on the information provided, our client disputes your claim and requests verification of the alleged debt.. Verification should include all documents evidencing the debt including, but not limited to: any document signed by our client with respect to the debt such as contracts, notes, leases, or other written agreements; each invoice or transaction record and any other loan documents, ledgers, or other documents reflecting all consideration, payments, offsets and credits. Further, request is made for all documents that establish when the contract was breached or that demonstrate this obligation is not barred by the applicable statute of limitations.

Unless you have initiated litigation against our client by the filing of a lawsuit, demand is made that you immediately cease all attempts to contact our client by letter, telephone, or any other medium, at our client's place of employment, home, or any other location. Should you wish to discuss this alleged debt you may do so, once the requested documentation has been delivered, by contacting our firm at the above mailing address. We request that all communication regarding this matter be conducted in writing. This letter is not to be construed as a formal appearance in any litigated matter.

Your anticipated cooperation is greatly appreciated and we look forward to resolving this matter with you as soon as possible.

Very truly yours,

Miguel Iniguez

Miguel Iniguez
The Iniguez Law Firm, P.C.

D4006/372